Dong v. Holder

BIA
Elstein, IJ
A094 816 971

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand thirteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

———————————————————————————————

ZHI JIAN DONG,
> *Petitioner,*

    v.                                        12-1828
                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————————

FOR PETITIONER:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhi Jian Dong, a native and citizen of the People's Republic of China, seeks review of an April 13, 2012, decision of the BIA affirming the December 14, 2009, decision of Immigration Judge ("IJ") Annette S. Elstein, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Jian Dong*, No. A094 816 971 (B.I.A. Apr. 13, 2012), *aff'g* No. A094 816 971 (Immig. Ct. N.Y. City Dec. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**A.   BIA's Standard of Review**

Contrary to Dong's contention, our decision in *Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012), does not

2

provide that an IJ errs by failing to explicitly delineate between factual and legal findings, but instead merely suggests that an IJ attempt "to make clear what part of his or her determination is fact-finding and what part represents conclusions of law." *Id.* at 137. In this case, the IJ's decision was clear in this regard, and there is no indication that the BIA applied an incorrect standard of review on appeal. *See id.; see also* 8 C.F.R. § 1003.1(d)(3).

## B.   Family Planning Claim

The agency correctly concluded that Dong was not eligible for asylum solely on the basis of his wife's forced family planning procedures. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-310 (2d Cir. 2007). Nevertheless, he could still qualify for asylum or withholding of removal by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution, or he had a well-founded fear or likelihood of suffering such harm as a direct result of his resistance. *See id.* at 313; *see also* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b).

3

The BIA has defined "resistance" in the context of coercive family planning policies to cover "a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law." *Matter of S-L-L-*, 24 I. & N. Dec. 1, 10 (B.I.A. 2006). In this case, the agency did not err in finding that Dong failed to demonstrate such resistance because impregnating his wife, on its own, did not constitute other resistance, *see Shi Liang Lin*, 494 F.3d at 313 (citation omitted), and other than that act, Dong did not assert any acts of opposition in which family planning officials were aware of his involvement, *Matter of S-L-L-*, 24 I. & N. Dec. at 10.

Even assuming that Dong established "resistance," the BIA did not err in finding that he failed to allege harm amounting to persecution on account of that resistance. *See id.* Indeed, contrary to Dong's assertion here, he did not demonstrate that he suffered economic persecution because he failed to provide any evidence establishing that the fines imposed caused him "severe economic disadvantage." *Matter of T-Z-*, 24 I. & N. Dec. 163, 170-75 (BIA 2007); *see also*

4

*Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).  Thus, the agency reasonably concluded that Dong failed to establish that he suffered any independent, personal persecution qualifying him for relief.  *See Shi Liang Lin*, 494 F.3d at 309.

Additionally, the agency did not err in concluding that Dong failed to demonstrate that his fear of future persecution on account of his family's outstanding family planning fine was objectively reasonable because he admitted that, despite failing to pay the fine during repeated visits by authorities, he remained unharmed during those visits, and that his wife continued live unharmed in China after his departure.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).  Accordingly, because the agency did not err in finding that Dong failed to demonstrate either past persecution or a well-founded fear of persecution, it reasonably denied him asylum, withholding of removal, and CAT relief insofar as those claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**C.   Illegal Departure Claim**

Contrary to Dong's contention, he did not establish his eligibility for relief based on his alleged illegal

5

departure from China.  First, as the IJ noted, he did not establish that he departed China illegally as he testified that he left that country using his own passport.  Moreover, even if his departure was illegal, "the possibility that the applicant may be subjected to criminal prosecution and perhaps severe punishment as a result of his illegal departure from [his home country] does not demonstrate a likelihood of persecution under the Act,"  *Matter of Sibrun*, 18 I. & N. Dec. 354, 359 (B.I.A. 1983); *see also Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) ("punishment for violation of a generally applicable criminal law is not persecution"), and Dong does not cite any record evidence demonstrating that authorities would be motivated to arrest or punish him based on his purported illegal departure for any reason other than law enforcement.

Additionally, an applicant is not "entitled to CAT protection based solely on the fact that []he is part of the large class of persons who have illegally departed China," *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003), and Dong failed to establish that individuals similarly situated to him have suffered torture upon removal to China.  Accordingly, the record does

6

not compel the conclusion that Dong established his eligibility for relief based on his illegal departure claim. *See Saleh*, 962 F.2d at 239; *see also Mu Xiang Lin*, 432 F.3d at 159-60.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
